David A. Kubichek WSB #5-2534
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY  82602-5010
307-261-5434 (phone)
307-261-5471 (fax)
david.kubichek@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **SIGIFREDO MOLINA VARELA,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | **Civil No. 15-CV-233-J** |

## UNITED STATES' RESPONSE TO
## DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

On December 11, 2015, the Defendant Sigifredo Molina Varela ("Defendant") filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  In support of his motion, he alleges he was the victim of various species of ineffective assistance of counsel.  For the reasons outlined below, the Defendant's motion must be denied.

### BACKGROUND

On January 15, 2013, the Defendant was charged by indictment with conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One), and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Two) (Presentence Report ["PSR"] at 1, 4 [¶ 1]).  He entered not guilty pleas to these charges, and he eventually went to trial on them before a jury (*Id.* at 4 [¶ 1]).  On May 13,

2013, he was found guilty of both charges by his jury (*Id.*; CM/ECF Docket Report, Document 220 [verdict form]) ("Doc. ___").

Following his conviction, a presentence report was prepared. Among other things, his PSR determined his advisory sentencing range under the federal Sentencing Guidelines. In that regard, the PSR concluded that the Defendant's relevant conduct involved six kilograms of methamphetamine, which established a base offense level of 36 (PSR at 10 [¶ 25]). Since there were no adjustments, deductions or enhancements, 36 was also his total offense level for Count One (*Id.* at 10 [¶ 32]). Since the Defendant's criminal history score was only one point, he was in Criminal History Category I (*Id.* at 12 [¶ 41]). Those determinations gave him a sentencing range on Count One of 188-235 months imprisonment (*Id.* at 16 [¶ 66]). And by virtue of his conviction on Count Two, the Defendant was subject to a 60 month prison sentence which was required by law to be served consecutively to his sentence on Count One (*Id.* at 16 [¶¶ 65, 66]). The PSR, however, ultimately recommended that the Defendant receive a sentence lower than that prescribed by the Guidelines: a mandatory minimum 120 month sentence on Count One, and a mandatory consecutive sentence of 60 months on Count Two, for a total mandatory minimum sentence of 15 years (or 180 months) imprisonment (*Id.* at 18 [¶ 84]).

The Defendant appeared for sentencing on July 26, 2013 (Doc. 335 [Findings and Determinations of the Court at Sentencing] at i) ("Findings"). At that time, the court accepted Defendant's counsel's and the government's recommendation that the Defendant's total offense level for Count One should be 34 instead of 36 (Findings at i). That produced an advisory sentencing range of 151-188 months imprisonment on Count One (*Id.*). In addition, however, the court agreed with the PSR that a variance in the Defendant's favor was also appropriate. It therefore concluded, consistent with the PSR's recommendation, that a mandatory minimum sentence of 120 months on Count One, to be followed by a consecutive mandatory minimum 60

month sentence on Count Two, would be plenty sufficient in the Defendant's case, and so that was the sentence the Defendant received; *i.e.,* 10 years + 5 years = 15 years (180 months) (*Id.*; *see also* Doc. 336 [Criminal Judgment] at 1, 2).

The Defendant next filed a notice of appeal, the purpose of which was to challenge the court's denial of his motion to suppress. *See United States v. Varela*, 576 F. App'x 771 (10th Cir. 2014) (unpublished). The court of appeals rejected the Defendant's appeal and affirmed his conviction on August 13, 2014. *Id.* The Defendant's subsequent petition for *certiorari* was denied on December 1, 2014. *See Varela v. United States*, 135 S. Ct. 733 (2014). The Defendant appears to have signed and dispatched his § 2255 motion on December 4, 2015, so technically, for purposes of § 2255(f)'s one year limitation period - which in this case would be measured from December 1, 2014, the day the Supreme Court denied *certiorari, see United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) - the Defendant's motion is three days late. Since the timeliness of a § 2255 motion is not jurisdictional, however, *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), and since the Defendant's tardiness is minimal (only a matter of a couple of days), the government will waive its "limitations" argument and will address the Defendant's motion on the merits.

## DISCUSSION

In his § 2255 motion, the Defendant alleges three species of ineffective assistance of counsel. First, he suggests his lawyer's performance prior to trial was constitutionally ineffective because he (1) failed to conduct an adequate pretrial investigation; (2) failed to file any substantive pretrial motions; (3) failed to advise him of the relative consequences of his pleading guilty *vis a vis* going to trial; and (4) failed to properly consult with him and share with him the discovery in the case so he could make a more informed decision about going to trial versus pleading guilty (Defendant's § 2255 motion at 5 [Ground One]). Second, the Defendant

3

contends his lawyer was also ineffective in connection with his sentencing proceedings, because he failed to explain and discuss the PSR, failed to file objections to the PSR, failed to file and argue any "substantive objections" to the PSR, failed to seek a downward variance on the Defendant's behalf, and failed to object to the Defendant's sentence as being substantively unreasonable (*Id.* at 6 [Ground Two]). And finally, in regard to his counsel on appeal, the Defendant complains that his lawyer failed to communicate with him and keep him informed about the issues for appeal, failed to allow the Defendant to participate in his appeal, and failed to raise unspecified stronger issues on appeal (*Id.* at 8 [Ground Three]).

As we briefly discuss below, none of these claims can support habeas relief on the Defendant's behalf in this proceeding.

Before considering these claims in detail, however, it is important briefly to address the special rules that govern consideration of a motion to vacate under 28 U.S.C. § 2255. First, a § 2255 motion may not test the legality of matters which could have been resolved before this court in the first instance or on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). A defendant who fails to raise an issue before this court or on direct appeal may present it in a § 2255 motion only if he can demonstrate cause for his procedural default, and either actual prejudice from the alleged errors, or that a fundamental miscarriage of justice will occur if his claim is not addressed. *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

In order to establish "cause," a defendant must show that there existed some external impediment which prevented him from raising the claim during the original proceedings on his case, or on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). A defendant could show "cause" by demonstrating that his non-compliance was the product of some kind of governmental or official interference, or that his claim was so novel that its legal basis was not

reasonably available to his counsel. *Id.*, 477 U.S. at 488; *see also Reed v. Ross*, 468 U.S. 1, 16 (1984). However, neither ignorance nor inadvertence is sufficient in this regard, nor is a failure to recognize the factual or the legal basis for the claim. *Id.*

A claim of ineffective assistance of counsel is another way a defendant may overcome the procedural bar rules in a § 2255 proceeding. To establish ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that, but for that deficient performance, there is a reasonable probability that the outcome of a proceeding involving the defendant would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993).

To prove that his lawyer's performance was deficient, the defendant must show that the attorney's performance was not within the wide range of competence demanded of attorneys in criminal cases. *Laycock v. State of New Mexico*, 880 F.2d 1184 (10th Cir. 1989). The proper standard for measuring attorney performance is not that of perfection. *United States v. Haddock*, 12 F.3d at 955-56. Rather, it is that of reasonably effective assistance. *Gillette v. Tansy*, 17 F.3d 308, 310-11 (10th Cir. 1994). Moreover, as the Tenth Circuit noted in *Gillette*, a court's review of an attorney's performance is highly deferential and must be conducted, as much as possible, without regard to the often distorting effects of hindsight. *Id.* at 311.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case.

*Id.* (*quoting Strickland v. Washington*, 466 U.S. at 689).

To establish prejudice, a petitioner also has a difficult burden. He must show more than a theoretical effect on the outcome of his case as a result of his attorney's errors. Rather, he must

show that, but for those errors, there is a reasonable probability that the results would have been different, *i.e.*, that he would have been acquitted, or that he would not have pleaded guilty, or that he would have received a more favorable sentence. *Strickland v. Washington*, 466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996).

Moreover, a defendant challenging his conviction on the basis of ineffective assistance of counsel must do more than simply offer conclusory allegations; he must make particularized and specific factual averments which, if proven, would demonstrate both the ineffectiveness of his attorney's performance and the resulting prejudice to his case. *Hatch v. State of Okla.*, 58 F.3d 1447, 1457 (10th Cir. 1995), overruled on other grounds by *Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). This requirement must be satisfied even where, as here, the defendant is proceeding *pro se*, and notwithstanding the usual rule that *pro se* pleadings are to be liberally construed. *United States v. Fisher*, 38 F.3d at 1147.

In light of these standards, we address each of the Defendant's claims, in order.

### A.    Pretrial Matters

#### 1.    Inadequate Pretrial Investigation

The Defendant's first claim is that his lawyer failed to conduct an adequate pretrial investigation. This claim is too conclusory and vague to permit any intelligible response with respect to whether the Defendant's lawyer rendered deficient performance under *Strickland*, and it must be rejected for that reason alone. Beyond that, the Defendant has failed to allege - even in the most conclusory terms - how his case was prejudiced by his attorney's performance in regard to this issue. For that reason too, this claim must be rejected. *See, e.g., United States v. Clark*, 596 F. App'x 696, 701-02 (10th Cir. 2014); *Fisher*, 38 F.3d at 1147.

### 2. Failure to File Substantive Pretrial Motions

The Defendant's second pretrial claim is that his lawyer failed to file any "substantive pretrial motions." This claim fails on several counts.

First, it is simply untrue. On May 3, 2013, Defendant's counsel filed a motion in limine to prohibit expert opinion testimony concerning firearms' role in drug trafficking (Doc. 188). On May 4, 2013, Defendant's counsel filed a motion to suppress the introduction into evidence of the Defendant's pretrial statement (Doc. 196). And on May 6, 2013, Defendant's counsel filed a supplemental memorandum in support of the Defendant's earlier motion in limine (Doc. 208). The Defendant neither acknowledges those substantive pleadings, nor does he suggest what other motions his attorney needed to have filed in order to properly represent him. The failure to provide at least some factual specificity in support of his claim is fatal. *See Fisher*, 38 F.3d at 1147.

And even more problematic is the fact that the Defendant does not allege prejudice in regard to this claim, even in the most conclusory terms. A failure to show or even allege prejudice plainly fails to satisfy *Strickland*. This claim must be rejected.

### 3. Failure to Explain Consequences of Pleading Guilty as Opposed to Going to Trial

The Defendant's third pretrial claim is that his lawyer failed to properly inform him of the relative consequences of going to trial versus pleading guilty. This claim too is too vague and conclusory. The Defendant does not describe what advice his lawyer gave him about this issue, or what the nature of their conversations were in this regard. In the absence of some specificity here, it is impossible to evaluate whether his lawyer's discussions with him were accurate or inaccurate, or whether his lawyer's advice was good or bad. Under such circumstances, the Defendant cannot overcome *Strickland's* presumption that Defendant's

lawyer's assistance was reasonable in regard to the issue of guilty plea versus trial. *See also United States v. Armendariz*, 449 F. App'x 770, 771 (10th Cir. 2011) (unpublished).

Beyond that, the Defendant has not demonstrated prejudice. Here, the Defendant chose to go to trial and he was convicted on both counts, but based on the downward variance the court granted him at sentencing, the Defendant received the absolute statutory minimum legal sentence he could have received on Counts One and Two. The Defendant does not suggest there was some plea offer from the government which might have allowed for him to receive a lower sentence but which his lawyer unreasonably talked him into rejecting. And indeed, there simply was no such proposed deal. In the absence of such a more favorable plea offer on the table from the government, the Defendant has failed even to suggest the possibility of prejudice on this claim. It must accordingly be rejected on this basis as well.

  **4.**  **Failure to Provide Discovery to Defendant so He Could Make an Informed Decision about Trial Versus Guilty Plea**

The Defendant's final "pretrial" claim is that his lawyer failed to provide him discovery so that he could make an informed decision about going to trial versus pleading guilty. This claim is deficient for the same reasons his other "pretrial" claims fail - it is conclusory, for one thing, but more obviously, it fails absolutely in regard to prejudice. The Defendant was fairly convicted after a jury trial, or at least he has not shown otherwise.

But yet he received the statutory mandatory minimum sentence on each count in the indictment. He has not shown how he might have received an even lower sentence had he only pleaded guilty, and there is nothing in the record that could even arguably support such a speculation. He has thus failed even to allege how this alleged failure on the part of his attorney somehow - to a reasonable degree of probability - adversely affected him. The claim must accordingly be rejected.

### B. Sentencing Issues

In his cluster of ineffective assistance of counsel claims relating to his sentencing, the Defendant says his lawyer rendered deficient performance with respect to the following alleged "failures:"

1. discuss and explain the Presentence Report ("PSR");

2. file any objection to the PSR;

3. file and argue any substantive objections to the PSR on his own;

4. file for a downward variance; and

5. object to Varela's sentence being substantively unreasonable deprived him of effective assistance of counsel and a fair and just sentence.

(Defendant's motion at 6 [Ground Two]).

With regard to each of these claims, the Defendant has failed to allege prejudice. Since he received the statutory mandatory minimum sentence on each count on which he was convicted, and since he was plainly not eligible for a safety valve sentence below those mandatory levels (he was convicted of possessing a firearm in furtherance of his drug trafficking, a clear disqualifier under 18 U.S.C. § 3553(f)(2)), there is no basis to believe that the Defendant could have been adversely affected <u>even if</u> each of his specifications of deficient performance by his attorney were true.

And since the Defendant has failed to establish or even allege prejudice in regard to this set of claims, the court can reject these claims without considering the Defendant's "deficient performance" allegations. *See Strickland*, 466 U.S. at 697. It should do that here. Moreover, it should also reject the Defendant's claim concerning the "substantive reasonableness" of his sentence on the basis that, since it is below the presumptively reasonable guideline sentencing range (at least in regard to Count One), it too is presumptively reasonable, and the Defendant has

9

failed to suggest <u>any</u> argument which might overcome that presumption. *See United States v. Trent*, 767 F.3d 1046, 1051 (10th Cir. 2014).

For the foregoing reasons, each of the Defendant's claims in his Ground Two must be rejected.

### C.  Ineffective Assistance of Appellate Counsel

The Defendant makes three claims concerning his appellate counsel. His counsel on appeal, he says, was ineffective because of his failure to:

(1)  Communicate with Varela and keep him informed regarding the issue(s) to be raised on appeal;

(2)  Allow Varela to participate in his appeal; and

(3)  Raise issues that were much stronger than the one weak issue he raised [which] deprived him of a fair and meaningful appellate review.

(Defendant's motion at 8 [Ground Three]).

Ineffective assistance of appellate counsel claims are evaluated under *Strickland's* standards. *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999). Under those standards, the Defendant's claims are plainly meritless. With respect to the first two issues identified by the Defendant, he fails to suggest even in conclusory terms how his appeal might have turned out better for him had his lawyer only communicated more with him or permitted him greater participation in his appeal. He has thus failed to articulate prejudice, and so these two issues can be rejected out of hand on that basis alone.

As for his third issue, he doesn't suggest which "stronger" issues the Defendant's appellate lawyer failed to raise, never mind has he demonstrated how or why those matters - had they only been presented to the court of appeals - would have resulted in a more favorable outcome for him. This claim thus fails both because a lack of particularity and because of a failure to show *Strickland* prejudice.

The Defendant's ineffective assistance of appellate counsel claims must also be rejected.

## CONCLUSION

For the reasons outlined above, the Defendant's motion under § 2255 is without merit. Moreover, because each of his claims is resolvable on the basis of the record already in existence, there is no basis for convening an evidentiary hearing on his motion. *Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010). His motion should accordingly be dismissed based on the papers already submitted.

**DATED** this 30th day of December, 2015.

        Respectfully submitted,

        CHRISTOPHER A. CROFTS
        United States Attorney

By:   */s/ David A. Kubichek*
      DAVID A. KUBICHEK
      Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of December, 2015, a true and correct copy of the foregoing **United States' Response to Defendant's Motion Under 28 U.S.C. § 2255** was served upon counsel of record via CM/ECF or Court's Electronic Filing System, and upon the following by depositing the same, postage prepaid, in the United States mail, addressed to:

**Sigifredo Molina Varela #12669-091**
FCI Sandstone
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

        */s/ Vickie L. Smith*
        UNITED STATES ATTORNEY'S OFFICE